# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| KHOA DANG NGUYEN, | Case No. 5:14-cv-01567-PSG |
| Plaintiff, | **ORDER THAT CASE BE REASSIGNED WITH REPORT AND RECOMMENDATION** |
| v. | |
| THE GENERAL INSURANCE, | **(Re: Docket Nos. 2, 4 and 5)** |
| Defendant. | |

Pursuant to the court's denial of Plaintiff Khoa Dang Nguyen application to proceed in forma pauperis in this case, the court ordered Nguyen to pay the filing fee for his case within seven days to avoid dismissal of the case without prejudice.[1] Eight days later, the court issued an order that dismissed Nguyen's case without prejudice because no filing fee had yet been paid.[2] Later that day, however, Nguyen paid the filing fee to the Clerk. Although Plaintiff has since consented to magistrate judge jurisdiction,[3] Defendant has not.

Because Nguyen has not provided the court with an adequate basis to assume subject matter jurisdiction over the case, and the court does not have consent of all the parties to the case, the

---

[1] *See* Docket No. 4.

[2] *See* Docket No. 5.

[3] *See* Docket No. 6.

1
Case No. 5:14-cv-01567-PSG
ORDER THAT CASE BE REASSIGNED WITH REPORT AND RECOMMENDATION

court orders the case reassigned to a district judge with the recommendation that the district judge dismiss the case for lack of subject matter jurisdiction.[4]

### A. Subject Matter Jurisdiction Does Not Appear to Lie Over This Case

"In order for this court to have subject matter jurisdiction over" the "cause of action, Plaintiff would have to either: 1) also allege a federal cause of action; or 2) show diversity of citizenship between" Plaintiff and Defendant.[5] Nguyen's complaint alleges this court possesses diversity jurisdiction over the case pursuant to 28 U.S.C. § 1332.[6] The complaint itself alleges the case belongs in federal court "because none of the plaintiffs live in the same state as any of the defendants."[7] But diversity jurisdiction also requires Nguyen to show the amount-in-controversy exceeds the jurisdictional minimum. Here, Nguyen's opening settlement demand was for

---

[4] The court orders the case reopened and reassigned in light of the Ninth Circuit's holding in *Tripati v. Rison* that denial of an application to proceed in forma pauperis is a case dispositive decision requiring (1) consent of the parties or (2) reassignment to an Article III judge. *See Tripati v. Rison*, 847 F.2d 548 (9th Cir. 1988).

A denial of a motion to proceed in forma pauperis is a final judgment that is immediately appealable pursuant to 28 U.S.C. § 1291. *Roberts v. United States District Court,* 339 U.S. 844 (1950). Under 28 U.S.C. § 636, a United States Magistrate may not enter a final judgment on a motion to proceed in forma pauperis unless the matter has been referred to him or her by the court and the parties consent to have the magistrate decide the motion and enter judgment. 28 U.S.C. § 636(c); *Ambrose v. Welch,* 729 F.2d 1084 (6th Cir.1984); *Alaniz v. California Processors, Inc.,* 690 F.2d 717, 720 (9th Cir.1982); *see also, Geaney v. Carlson,* 776 F.2d 140, 142 (7th Cir.1985).

[5] *Lowery v. City of Santa Clara*, Case No. 5:09-cv-00229-PVT, 2009 WL 975455, at *3 (N.D. Cal. Apr. 10, 2009) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006))

There are two possible bases for subject-matter jurisdiction, which are contained in 28 U.S.C. sections 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, while Section 1332 provides for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes Section 1331 jurisdiction when he pleads a claim "arising under" the Constitution or laws of the United States. *See Arbaugh*, 546 U.S. at 513. A plaintiff can invoke Section 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *Id.*

[6] *See* Docket No. 1 at 2.

[7] *See id.* Although no defendant has sought dismissal of this case for want of subject matter jurisdiction, the court addresses the issue sua sponte. *See Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884) (challenge to a federal court's subject-matter jurisdiction may be made at any stage of the proceedings, and the court should raise the question sua sponte); Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

2
Case No. 5:14-cv-01567-PSG
ORDER THAT CASE BE REASSIGNED WITH REPORT AND RECOMMENDATION

$60,579.68.[8] Because Nguyen has not pleaded an amount-in-controversy greater than $75,000, diversity jurisdiction is absent. A review of Nguyen's complaint provides no alternative basis for subject matter jurisdiction.[9] Nguyen also has not pleaded the claims at issue arise under federal law.

Because the court does not have subject matter jurisdiction over Nguyen's case, the court orders the case reassigned with the recommendation that the case be dismissed.

**IT IS SO ORDERED.**

Dated: June 10, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[8] See Docket No. 1-3 at 14.

[9] See id.