IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KHOA DANG NGUYEN,<br><br>   Plaintiff(s),<br>v.<br><br>THE GENERAL INSURANCE,<br><br>   Defendant(s). | CASE NO. 5:14-cv-01567 EJD<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff Khoa Dang Nguyen ("Plaintiff") commenced the instant action on April 4, 2014, against Defendant The General Insurance. See Docket Item No. 1. Thereafter, Magistrate Judge Paul S. Grewal denied Plaintiff's in forma pauperis application because the Complaint did not disclose a basis for federal jurisdiction. See Docket Item No. 4. More specifically, Judge Grewal determined that jurisdiction based on diversity was lacking because Plaintiff's Complaint did not satisfy the amount in controversy requirement. Id. In addition, federal question jurisdiction was non-existent because the Complaint did not contain a claim arising under federal law. Id. Judge Grewal ordered the action dismissed without prejudice unless Plaintiff paid the filing fee within seven days. Id.

Plaintiff initially did not pay the filing fee by the deadline, and Judge Grewal dismissed the action and ordered the file closed on April 16, 2014. See Docket Item No. 5. However, Plaintiff paid the filing fee sometime later that same day. As a result, Judge Grewal ordered the action reopened and reassigned to a district judge with the recommendation that the action be dismissed for

1

CASE NO. 5:14-cv-01567 EJD
ORDER TO SHOW CAUSE

1  lack of subject matter jurisdiction. See Docket Item No. 7. The case was then reassigned to the
2  undersigned. See Docket Item No. 8.

3  As is its obligation, this court has reviewed the Complaint to determine whether Plaintiff has
4  included allegations sufficient to establish federal jurisdiction and has been guided by the principles
5  that govern such an inquiry. See Mashiri v. Dep't of Educ., 724 F.3d 1028, 1031 (9th Cir. 2013).
6  First, it is mindful that "[f]ederal courts are courts of limited jurisdiction." Kokkonen v. Guardian
7  Life Ins. Co of America, 511 U.S. 375, 377 (1994). Federal jurisdiction can generally arise in two
8  ways: (1) from the presence of a federal question, or (2) from diversity of the parties. See 28 U.S.C.
9  §§ 1331, 1332. For jurisdiction based on a federal question, the court looks to the face of a
10 "well-pleaded complaint" to determine whether a cause of action is created by federal law or
11 whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question
12 of federal law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing
13 Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)). For
14 diversity, federal courts have original jurisdiction where (1) opposing parties are citizens of different
15 states and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

16 Second, the court must look to the Complaint's jurisdictional allegations because "[a] party
17 invoking the federal court's jurisdiction has the burden of proving the actual existence of subject
18 matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). To that end,
19 Federal Rule of Civil Procedure 8 requires the plaintiff to provide "a short and plain statement of the
20 grounds for the court's jurisdiction." It also requires "a short and plain statement of the claim
21 showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

22 Here, the Complaint does not contain a sufficient "short and plain statement" supporting
23 jurisdiction in this court. Although Plaintiff alleges the existence of diversity jurisdiction "because
24 none of the plaintiffs live in the same state as any of the defendants," Plaintiff has not satisfied the
25 second requirement for that type of jurisdiction: that the amount in controversy exceed $75,000.
26 Indeed, Plaintiff apparently demands $60,570.68 - an amount below the jurisdictional threshold.
27 Nor is federal jurisdiction invoked by the Complaint since there is no discernable federal law that
28 would give rise to Plaintiff's claims.

1    Accordingly, this court concurs with Judge Grewal's prior determination that this case
2 should be dismissed without prejudice so that Plaintiff may pursue the claims in the appropriate state
3 court.  But rather than dismiss the action at this time, the court instead finds it appropriate to provide
4 one final opportunity to demonstrate an appropriate basis for federal jurisdiction given that Plaintiff
5 has now paid the filing fee.
6    The court therefore issues an order to show cause why this action should not be dismissed for
7 lack of subject matter jurisdiction.  If Plaintiff does not, by **June 27, 2014,** demonstrate good cause
8 in writing why this case should not be dismissed by filing an amended complaint which establishes
9 federal jurisdiction in accordance with the discussion above, the court will dismiss the action
10 without prejudice.  No hearing will be held on the order to show cause unless otherwise ordered by
11 the court.
12 **IT IS SO ORDERED.**

14 Dated:  June 17, 2014



EDWARD J. DAVILA
United States District Judge

CASE NO. 5:14-cv-01567 EJD
ORDER TO SHOW CAUSE